IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OMMER EVERSON, | ) |
| Plaintiff, | ) |
| | ) Case No.: 3:15-cv-01478 |
| v. | ) |
| | ) JURY DEMAND |
| SCI TENNESSEE FUNERAL SERVICES, | ) JUDGE COLLIER |
| LLC d/b/a FOREST LAWN FUNERAL | ) MAGISTRATE JUDGE BROWN |
| HOME AND MEMORIAL GARDENS, | ) |
| Defendant. | ) |

_____/

**PLAINTIFF'S MOTION *IN LIMINE*__**

Plaintiff Ommer Everson moves *in limine* to exclude the following evidence from trial: (1) collateral source evidence; (2) evidence regarding Plaintiff's knowledge that hourly employees worked off the clock; and (3) non-wage information from subsequent employment.

**I.     Collateral Source Evidence**

Receipt of unemployment compensation benefits are collateral source benefits. *See Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614 (6th Cir. 1983). In *Rasimas,* the Court analyzed the "make whole" concept of a back pay award in a Title VII case and held that unemployment benefits should not be deducted from back pay awards. *Id*. at 627. *See also Conklin v. Lovely,* 834 F.2d 543, 551 (6th Cir. 1987)("As a general rule, unemployment benefits are not deducted from back pay awards in an unlawful discharge case"). *See also Hamlin v. Charter Township of Flint,* 165 F.3d 426, 433-436 (6th Cir. 1999); *Thurman v. Yellow Freight Systems. Inc.,* 90 F.3d 1160, 1170-71 (6th Cir.1996).

1

During Plaintiff's deposition, Defendant elicited testimony regarding the amount of unemployment compensation he received after his termination. Such testimony relates to collateral source benefits. Plaintiff's receipt of unemployment compensation, or the amount thereof, at any time, has no bearing on this lawsuit and reference to same should be barred by Federal Rule of Evidence 402. Even if same could be considered relevant, the danger of unfair prejudice and/or confusion of the issues substantially outweighs any probative value of the evidence. Fed.R.Evid. 403.

Accordingly, Plaintiff requests the Court prohibit introduction of evidence concerning the amount of unemployment benefits he received.

## II. Overtime Pay

During the deposition of Plaintiff, Defendant's counsel elicited testimony regarding Plaintiff's knowledge that hourly employees were not being paid for overtime work despite Defendant's policies that require hourly employees be paid for all work. Plaintiff was not disciplined for this. Further, there was evidence that other management had knowledge of this widespread practice.

Any probative value to introducing evidence about Plaintiff's knowledge of hourly employees working off the clock is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed.R.Evid. 403. There is no allegation or indication that Plaintiff's knowledge resulted in discipline or caused his termination. Such evidence is thus irrelevant, confuding and prejudicial. Accordingly, such evidence would not surmount the burden of Federal Rules of Evidence 404(b).

Accordingly, Plaintiff requests the Court prohibit introduction of evidence regarding Mr. Everson's knowledge of other employee's work off the clock.

### III. Subsequent Employment History

Defendant issued a subpoena on or around September 7, 2017 for Plaintiff's employment records at Holiday Retirement for Mr. Everson's entire employment file. Any evidence about Mr. Everson's employment should be limited to the pay or benefits he earned since his termination, which is relevant for purposes of mitigation. Any other employment evidence is irrelevant and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Accordingly, Plaintiff requests the Court prohibit introduction of evidence regarding employment details other than pay and mitigation since his termination with Defendant.

WHEREFORE Plaintiff requests the Court GRANT the Motions *in Limine* as set forth herein.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Hunter Williams BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

   I hereby certify that on September 8, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt: Charles K. Grant, Megan Sutton, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 211 Commerce Street, Suite 800, Nashville, TN 37201, cgrant@bakerdonelson.com, msutton@bakersonelson.com

              */s Heather Moore Collins*
               Heather Moore Collins