IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| OMMER EVERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:15-cv-01478 |
| SCI TENNESSEE FUNERAL SERVICES, LLC d/b/a FOREST LAWN FUNERAL HOME AND MEMORIAL GARDENS, | ) | JUDGE CAMPBELL MAGISTRATE JUDGE BROWN |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 28). Plaintiff filed a response in opposition (Doc. No. 34), and Defendant has replied. (Doc. No. 42). For the reasons discussed below, Defendant's motion for summary judgment is **GRANTED** in part and **DENIED** in part.

## I. FACTUAL BACKGROUND

Plaintiff Ommer Everson alleges unlawful employment practices against his former employer, Defendant SCI Tennessee Funeral Services, LLC d/b/a Forest Law Funeral Home and Memorial Gardens. Plaintiff asserts claims under the Family and Medical Leave Act ("FMLA") and the American with Disabilities Act ("ADA"). Specifically, Plaintiff alleges FMLA retaliation and interference, and ADA disability discrimination, retaliation, and failure to accommodate.

Plaintiff was employed by Defendant as a funeral director and most recently a general manager from 1996 until January 11, 2015. (Doc. No. 100 at 1). Plaintiff was diagnosed with Meniere's Disease in 2000, but does not recall it affecting his work until 2010 when he had his

first outpatient ear procedure. (*Id.* at 2). Prior to his ear procedure in 2010, Plaintiff notified Jeffrey Duffer ("Duffer"), Defendant's Market Director and Plaintiff's supervisor, of his ear condition and requested approximately one week to ten days off from work, which Duffer granted. (*Id.*). In October 2014, Plaintiff had a second ear procedure and requested an afternoon off from work for the procedure, which Duffer granted. (*Id.* at 3).

On January 9, 2015, Plaintiff informed Duffer that he was scheduled for a third ear procedure at the end of January and requested approximately one week off of work. (Doc. No. 100 at 3). Duffer responded, "That's fine Tre. Whatever time you need." (*Id.* at 12). Plaintiff was terminated from his position two days later and claims that the reason given for termination was a pretext for discrimination. (Doc. No. 34 at 12).

In response, Defendant argues that Plaintiff was terminated for leaving an unembalmed body at one of the facilities without refrigeration in violation of Defendant's policy. (Doc. No. 29 at 12). Defendant denies discriminating or retaliating against Plaintiff under the ADA and FMLA, denies interfering with Plaintiff's FMLA rights, and denies failing to accommodate Plaintiff's disability. Defendant seeks summary judgment on all of Plaintiff's claims.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element

of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III.     ANALYSIS

#### A.    PLAINTIFF'S FMLA CLAIMS

The FMLA enables employees covered by the Act to take up to twelve weeks of leave per year for various purposes specified in the statute, including the employee's own "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). At the expiration of the employee's leave period, he must be reinstated to his position or to a position equivalent in pay, benefits, and other terms and conditions of employment. 29 U.S.C. § 2614(a)(1).

The Sixth Circuit recognizes two theories of liability under the FMLA: (1) interference claims, in which employers interfere with or deny an employee's exercise of his FMLA rights; and (2) retaliation or discrimination claims, in which employers take adverse employment actions against employees for exercising their FMLA right to take leave. Both claims are analyzed using the familiar burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This analysis applies when, as here, a plaintiff relies on circumstantial evidence to prove that an employer discriminated or retaliated against the employee. If the plaintiff establishes a *prima facie* showing, the burden shifts to the defendant to prove a legitimate, non-discriminatory reason for the adverse action. *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007). If the defendant articulates such a reason, the burden then "shifts back to the plaintiff to show that the defendant's proffered reason is a pretext for unlawful discrimination." *Id.*

### 1. Interference

To establish a *prima facie* case that Defendant interfered with Plaintiff's FMLA rights, Plaintiff must show: (1) he was an eligible employee; (2) Defendant was an employer subject to the FMLA; (3) he was entitled to leave under the FMLA; (4) he gave Defendant notice of his intention to take FMLA leave; and (5) Defendant denied him FMLA benefits to which he was entitled. *Romans v. Michigan Dept. of Human Services*, 668 F.3d 826, 840 (6th Cir. 2012). The fourth and fifth elements are disputed here. Defendant argues Plaintiff: (1) failed to provide notice of his need for FMLA leave; and (2) was never denied any benefits to which he was entitled.

To invoke FMLA protection, an employee must provide notice and a qualifying reason for requesting leave. Notice must take a certain form, namely, the employee must "comply with [the employer's] usual and customary notice and procedural requirements . . . absent unusual

circumstances." 29 C.F.R. § 825.302(d); *Cundiff v. Lenawee Stamping Corp.*, 597 Fed. Appx. 299, 300 (6th Cir. 2015). This regulation, which took effect January 16, 2009, "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements, absent unusual circumstances." *Srouder v. Dana Light Mfg., LLC*, 725 F.3d 608, 614 (6th Cir. 2015). "An employee also may be required by an employer's policy to contact a specific individual." *Alexander v. Kellogg USA, Inc.*, 674 Fed. Appx. 496 (6th Cir. 2017) (quoting 29 C.F.R. § 825.302(d)).

Defendant contends that Plaintiff failed to give notice of his intent to take FMLA leave. Specifically, Defendant asserts that Plaintiff failed to follow Defendant's notice requirements and contact the SCI Leave and Disability Center to request FMLA leave as outlined in the employee handbook. (Doc. No. 31-1 at 120). In response, Plaintiff argues that the law does not require an employee to invoke the FMLA by name. (Doc. No. 34 at 11). Plaintiff contends that providing notice to Duffer that he needed a week off in late January for a procedure related to his Meniere's Disease was sufficient to put Defendant on notice that he was invoking FMLA protection. (*Id.*).

Prior to 2009, Plaintiff's arguments would have merit. However, the 2009 amendment to 29 C.F.R. § 825.302(d) "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements, absent unusual circumstances." *Srouder*, 725 F.3d at 614. Defendant's employee handbook requires employees to contact the SCI Leave and Disability Center to give notice of any FMLA leave. (Doc. No. 31-1 at 120). Plaintiff received, read through, and signed Defendant's employee handbook acknowledging his familiarity with it. (Doc. No. 100 at 5). However, Plaintiff never requested FMLA leave or asked anybody at SCI for FMLA leave. (Doc. No. 31-1 at 58). Plaintiff has not identified any unusual circumstances that would prevent him from complying with

5

Defendant's notice requirement for FMLA leave. Accordingly, because Plaintiff failed to comply with Defendant's notice requirement for requesting FMLA leave, he is unable to establish a *prima facie* case for interference.[1] *See Alexander v. Kellogg USA, Inc.*, 674 Fed. Appx. 496, 500 (6th Cir. 2017) (affirming district court's grant of summary judgment on plaintiff's FMLA interference claim because he failed to comply with employer's internal notice requirements); *Cundiff*, 597 Fed. Appx. at 300 (same); *Srouder*, 725 F.3d at 615 (same). The Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's FMLA interference claim.

### 2. Retaliation

Plaintiff next claims that Defendant retaliated against him when he notified Duffer of his intent to take FMLA leave because he was fired two days later. To establish a *prima facie* case of FMLA retaliation, Plaintiff must show: (1) he engaged in an activity protected by the FMLA; (2) his employer took adverse employment action against him; and (3) there was a causal connection between the protected activity and the adverse employment action. *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000). Indirect evidence is sufficient to support a *prima facie* case if the evidence is "sufficient to raise the inference that [the] protected activity was the likely reason for the adverse action." *Nguyen,* 229 F.3d at 566. The first and third elements are disputed here. According to Plaintiff, there was a causal connection between him requesting leave with Duffer and being terminated two days later. Plaintiff's retaliation claim, however, is premised on the notion that his request for leave was an activity protected by the FMLA.

The Court concludes that Plaintiff's retaliation claim also must fail because he has not shown the first element of his *prima facie* case: that Plaintiff engaged in an activity protected by the FMLA. As discussed in detail above, Plaintiff did not provide Defendant with proper notice

---

[1] Because Plaintiff is unable to establish a *prima facie* case of FMLA interference, it is unnecessary to conduct the remainder of the *McDonnell Douglas* analysis.

of his intention to take FMLA leave for an ear procedure. Therefore, Plaintiff's anticipated leave was not an activity afforded the protection of the FMLA. *See Srouder*, 725 F.3d at 614 (holding that the language of 29 C.F.R. 825.302(d) "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements, absent unusual circumstances."); *Alexander*, 674 Fed. Appx. at 501 (upholding dismissal of plaintiff's FMLA retaliation and interference claims for failure to comply with employer's notice and procedural requirements); *Perry v. American Red Cross Blood Services*, 651 Fed. Appx. 317, 328 (6th Cir. 2016) (same); *Gipson v. Vought Aircraft Industries, Inc.*, 387 Fed. Appx. 548 (6th Cir. 2010) (upholding dismissal of plaintiff's FMLA retaliation claim because he did not give "notice sufficient to apprise [his employer] that he was suffering from an FMLA-qualifying condition). Accordingly, the Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's FMLA retaliation claim.

### B. PLAINTIFF'S ADA CLAIMS

Title I of the ADA prohibits covered employers from discriminating against a "qualified individual on the basis of disability" with regard to hiring, advancement, training, termination, and "other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). Like claims under the FMLA, in the absence of direct evidence, claims under the ADA are analyzed under the *McDonnell Douglas* burden shifting approach.

#### 1. Discrimination

Defendant argues it is entitled to summary judgment on Plaintiff's ADA discrimination claim. To establish a *prima facie* case of ADA discrimination, Plaintiff must show: (1) he is disabled, (2) he is otherwise qualified for the position, with or without reasonable accommodation, (3) he suffered an adverse employment action, (4) Defendant knew or had reason to know of

Plaintiff's disability, and (5) the position remained open while Defendant sought other applicants or the disabled individual was replaced. *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011).

The parties do not appear to dispute the express elements of a *prima facie* case of ADA discrimination set forth above. Instead, Defendant argues Plaintiff cannot establish his disability was the "but-for" cause of his termination, an argument the Court will address below. (Doc. No. 29 at 18). Thus, the burden shifts to the defendant to prove a legitimate, non-discriminatory reason for the adverse action. *See Bryson,* 498 F.3d at 570.

Defendant asserts that Plaintiff was fired for violating Defendant's refrigeration policy on January 9, 2015, when he left an unembalmed body at Lakeview Funeral Home overnight without refrigeration. (Doc. No. 29 at 18). Defendant argues that the undisputed materials facts establish: that Defendant's refrigeration policy requires unembalmed decedents to be placed in a designated refrigeration unit within 24 hours of an SCI-affiliated location taking custody (Doc. No. 100 at 7); that Plaintiff understood and received training on Defendant's refrigeration policy during his employment (*Id.*); that Plaintiff had the deceased body brought to Lakeview for a meeting with the family on January 9, 2015, and was present when the body was delivered to the location (*Id.* at 11), and that it was discovered on January 10, 2015, that the body had not been refrigerated but instead was left out overnight in one of the visitation rooms. (*Id.* at 14). The Court finds that Defendant's proffered explanation for terminating Plaintiff is facially legitimate and non-discriminatory. Accordingly, the burden shifts back to Plaintiff to show that Defendant's articulated reason for terminating Plaintiff is a pretext for unlawful discrimination.

A plaintiff can demonstrate pretext by showing that the employer's proffered reason for its adverse employment action (1) had no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to motivate the adverse action. *Hedrick v. W. Reserve*

*Care Sys.*, 355 F.3d 444, 460 (6th Cir. 2004). The Sixth Circuit has cautioned that courts should avoid formalism in applying this test, "lest one lose the forest for the trees." *Chen v. Dow Chemical Co.*, 580 F.3d 394, 400 n.4 (6th Cir. 2009). Simply put, "[a]t the summary judgment stage, the issue is whether the plaintiff has produced evidence from which a jury could reasonably doubt the employer's explanation. If so, her *prima facie* case is sufficient to support an inference of discrimination at trial." *Id.* Summary judgment is proper only if, based on the evidence presented, a jury has no reason to reasonably doubt the employer's proffered explanation. *Id.*

Plaintiff argues circumstantial evidence establishes pretext for Defendant's decision to terminate Plaintiff, namely that Plaintiff was fired when another employee responsible for the deceased body at Lakeview was not fired or even disciplined. (Doc. No. 34 at 14, 15). Plaintiff explains he had never waited on any customers at Lakeview, did not know where the paperwork or supplies were, and did not have a key to get in the facility. (*Id.* at 14). In contrast, Plaintiff asserts that Norman Slate, another of Defendant's employees, was a licensed funeral director used on a part-time basis and had worked at Lakeview for years. (*Id.* at 5). Plaintiff argues that on January 9, 2015, at 12:30 p.m., Slate signed Defendant's Chain of Custody and Identification Form for the deceased body at issue, taking custody and responsibility of the body from Plaintiff, and Plaintiff left Lakeview shortly thereafter. (*Id.* at 6).

When it was discovered the next afternoon that the body may not have been properly refrigerated, Duffer sent Rodney Wells, who was next in command behind Duffer and was present when Plaintiff asked Duffer for time off to have his ear procedure in late January 2015, to Lakeview to handle the situation. (Doc. No. 34 at 7, 14). Wells testified that he called Slate to meet him at Lakeview because he did not have a key, and that the two of them found the body in a parlor. (*Id.* at 7). Wells located the chain of custody form and saw Slate's signature was the last

one on there, indicating he had taken responsibility of the body and the body was being sent to the crematory. (*Id.*). However, Wells testified that he did not question Slate why the body was still in the parlor and not at the crematory. (*Id.*). Plaintiff points out that Duffer also did not question Slate about the incident, despite admitting Slate violated Defendant's policy and Tennessee law by leaving the building on January 9, 2015, with an unembalmed, unrefrigerated body in a parlor. (*Id.* at 15).

Although Defendant has offered a legitimate, non-discriminatory explanation for terminating Plaintiff, the Court finds Plaintiff has presented sufficient evidence a jury could find discredits Defendant's stated reason for terminating Plaintiff. A reasonable jury could find that Defendant's terminating Plaintiff for his failure to refrigerate a deceased body two days after he requested time off for an ear procedure, but not terminating or even disciplining the funeral director who apparently had custody of the body and failed to refrigerate it, was pretext for discrimination. Accordingly, summary judgment for Plaintiff's ADA discrimination claim is not appropriate and Defendant's motion is **DENIED**.

### 2. Retaliation

Defendant next argues it is entitled to summary judgment on Plaintiff's claim that Defendant retaliated against him for requesting time off work to have an ear procedure related to his Meniere's Disease. To prevail on a retaliation claim under the ADA, a plaintiff must prove that "but for" his statutorily protected activity, the employer would not have taken an adverse employment action. *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 767 (6th Cir. 2015). An ADA retaliation claim follows the same *McDonnell Douglas* burden shifting framework discussed above. The plaintiff bears the initial burden of establishing a *prima facie* case of retaliation by showing that: (1) he was engaged in a protected activity under the ADA, (2) Defendant knew of

that activity, (3) Defendant took adverse employment action, and (4) a causal connection exists between the protected activity and the adverse employment action – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). The analysis focuses specifically on whether the adverse employment action was motivated in substantial part by the plaintiff's constitutionally protected activity. *Id.* (citing *Mattox v. City of Forest Park*, 183 F.3d 515, 520-21 (6th Cir. 1999).

Plaintiff contends that after he requested time off for a procedure related to his Meniere's Disease, he was terminated. It is undisputed that Defendant was aware Plaintiff suffered from Meniere's Disease and that Plaintiff requested approximately one week off from work to undergo an ear procedure in late January 2015. (Doc. No. 100 at 2, 3). It is also undisputed that Plaintiff was terminated from his position two days after requesting this time off. (*Id.* at 18). Defendant, however, disputes the causal connection between these events and alleges that Plaintiff's termination had nothing to do with his Meniere's Disease.

To establish a causal connection, "a plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not" engaged in protected activity. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). Temporal proximity alone may be sufficient to support a finding of causal connection where an employee's protected activity is immediately followed by an adverse employment action. *Molina-Parrales v. Shared Hosp. Services Corp.*, 992 F. Supp. 2d 841, 855 (M.D. Tenn. 2014) (citing *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) ("[W]here an employer fires an employee immediately after learning of a protected activity, we can infer a causal connection between the two actions, even if [plaintiff] has not presented other evidence of retaliation.").

11

The Court finds Plaintiff has established a *prima facie* case of ADA retaliation. Under the *McDonnell Douglas* analysis discussed above, the Court finds that although Defendant has offered a legitimate, non-discriminatory explanation for terminating Plaintiff (his failure to refrigerate a deceased, unembalmed body), Plaintiff has presented sufficient evidence to question Defendant's stated reason for terminating him. Because Plaintiff has raised a genuine issue of material fact as to whether Defendant retaliated against him, summary judgment on Plaintiff's ADA retaliation claim is **DENIED**.

### 3. Failure to Accommodate

Finally, Defendant argues it is entitled to summary judgment on Plaintiff's ADA failure-to-accommodate claim. To establish a *prima facie* failure-to-accommodate claim, a plaintiff must show that: (1) he is disabled under the ADA; (2) he is otherwise qualified for the position, with or without a reasonable accommodation; (3) his employer knew or had reason to know of his disability; (4) he requested a reasonable accommodation; and (5) the employer failed to provide the reasonable accommodation. *Cotuna v. Wal-Mart Stores, Inc.*, 2017 WL 5171247, at *2 (6th Cir. Aug. 31, 2017). The employee bears the burden of requesting a reasonable accommodation. *Aldini v. Kroger Co. of Michigan*, 628 Fed. Appx. 347, 350 (6th Cir. 2015). As such, if the employee does not propose an accommodation, his claim generally must fail. *Id.* at 351.

Defendant argues Plaintiff failed to request an accommodation, and admitted this in his deposition. (Doc. No. 29 at 17). Defendant states that it was under no obligation to engage in the interactive process because it was Plaintiff's burden to request an accommodation. (*Id.*). Defendant further argues that to the extent Plaintiff is alleging this his request for time off work for an ear procedure was a reasonable accommodation request, Plaintiff's claim still fails because he admits his request for time off work was granted. (*Id.*).

In response, Plaintiff argues that he notified Duffer of his request for time off work for his ear procedure, and that this notification was in compliance with Defendant's handbook, which states that "all leave of absence requests require notification to your manager." (Doc. No 34 at 25; Doc. No. 31-1 at 115). Further, Plaintiff argues that whether his request for time off work was granted is a disputed issue of fact given that he was fired two days after making his request. (Doc. No. 34 at 25).

The Court finds there is a genuine dispute of material facts as to whether Plaintiff requested a reasonable accommodation, and if so, whether Defendant failed to provide that accommodation. Although Plaintiff did not specifically request a "reasonable accommodation," a jury could construe Plaintiff's request to Duffer for time off work as a request for a reasonable accommodation. And although Duffer approved Plaintiff's request for time off work, a jury could conclude that the approval was disingenuous given Plaintiff's termination soon thereafter. Accordingly, Defendant's motion for summary judgment on Plaintiff's ADA failure to accommodate claim is **DENIED**.

### C. PLAINTIFF'S TDA CLAIMS

Finally, Plaintiff's Complaint asserts claims under the Tennessee Disability Act ("TDA"). (Doc. No. 1). However, in Plaintiff's response to Defendant's motion for summary judgment, he voluntarily dismissed his TDA retaliation claim. (Doc. No. 34 at 21). Plaintiff also implicitly abandoned his remaining TDA claims (failure to accommodate and discrimination) by failing to defend or even address these claims in his response brief. *See Carrigan v. Arthur J. Gallagher Risk Management Services, Inc.*, 870 F. Supp. 2d 542, 550 (M.D. Tenn. 2012) (holding that plaintiff abandoned certain claims asserted in his complaint by failing to defend them in his response to defendant's motion for summary judgment; *Anglers of the Au Sable v. U.S. Forest*

*Service*, 565 F. Supp. 2d 812 (E.D. Mich. 2008) (same). Accordingly, the Court **GRANTS** summary judgment to Defendant on Plaintiff's TDA claims.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE